# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3311

_____

Ivan N. Pettit,

                Appellant,

          v.

Kenneth S. Apfel, Commissioner,
Social Security Administration,

                Appellee.

Appeal from the United States
District Court for the Eastern
District of Arkansas.

_____

Submitted: April 12, 2000

Filed: July 18, 2000

_____

Before BEAM, ROSS, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Ivan Pettit applied for disability benefits and supplemental security income in 1995 based on depression and alcoholism. The Social Security Administration denied his application initially and on reconsideration. After a hearing, an administrative law judge (ALJ) ruled that Mr. Pettit was not disabled within the meaning of the Social Security Act because his alcoholism was a contributing factor material to the determination of disability, *see* 42 U.S.C. § 423(d)(2)(C), § 1382c(a)(3)(J). The Appeals Council denied Mr. Pettit's request for review. Mr. Pettit sought judicial

review, and the magistrate judge, sitting by consent of the parties, *see* 28 U.S.C. § 636(c)(1), *see also* Fed. R. Civ. P. 73(a), affirmed.

Mr. Pettit appeals. We review *de novo* the district court's judgment upholding a denial of social security benefits. *See Reeder v. Apfel*, No. 99-2917, 2000 WL 709501, at *2 (8th Cir. June 2, 2000). When considering whether the ALJ properly denied social security benefits to a claimant, we determine whether substantial evidence in the record as a whole supports the ALJ's factual findings, and whether the ALJ's decision is based on legal error. *See Clark v. Chater*, 75 F.3d 414, 416 (8th Cir. 1996). In deciding whether substantial evidence exists, we examine the evidence supporting and detracting from the decision. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). In this case, we vacate the judgment and remand for further proceedings.

## I.

The social security regulations provide a five-step process to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520, § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In our case, the ALJ first determined that Mr. Pettit had not engaged in substantial gainful activity since August 30, 1994, his alleged onset date, and next found that he had a "severe impairment within the meaning of the Social Security regulations." *See* 20 C.F.R. §§ 404.1520(a)-404.1520(c), §§ 416.920(a)-416.920(c). The third step requires the ALJ to examine the evidence to determine whether Mr. Pettit's impairments met or equaled a list of impairments generally presumed to be severe enough to preclude any gainful work. *See* 20 C.F.R. pt. 404, subpt. P, app. 1. The ALJ determined that Mr. Pettit's "long term history of alcohol abuse and related symptoms" met the criteria for § 12.09 (substance addiction disorders) in the list of impairments. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, pt. A, § 12.09.

Unlike other sections of disorders in the list of impairments, § 12.09 does not have its own set of requirements. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, pt. A, § 12.00A. To find that Mr. Pettit met the requirements for § 12.09, the ALJ had to find that Mr. Pettit's substance addiction resulted in at least one of a number of other specified listings. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, pt. A, § 12.00A. Here the ALJ indicated on a standardized psychiatric review technique form that Mr. Pettit met the requirements for a substance addiction disorder because his depression met the requirements for § 12.04 (affective disorders), *see* 20 C.F.R. pt. 404, subpt. P, app. 1, pt. A, § 12.04. It therefore appears from the record that the ALJ found that Mr. Pettit's alcohol abuse resulted in disabling depression.

Although generally a claimant who meets the requirements for one of the disorders in the list of impairments is considered disabled without further inquiry, *see Yuckert*, 482 U.S. at 141, legislation passed in 1996 precludes a claimant from obtaining disability benefits or supplemental security income if either alcoholism or drug addiction is a "contributing factor material to the [Social Security Administration's] determination that the individual is disabled," *see* 42 U.S.C. § 423(d)(2)(C), § 1382c(a)(3)(J). This provision is applicable to all pending cases, *see Jackson v. Apfel*, 162 F.3d 533, 537 (8th Cir. 1998), and here the ALJ applied the provision to deny benefits to Mr. Pettit, based on a finding that his alcoholism was a contributing factor material to the finding of disability.

## II.

Mr. Pettit contends that substantial evidence does not support the ALJ's finding that his alcoholism was a material factor in the determination that he was disabled, and thus argues that he should be awarded benefits based on his depression. A claimant has the initial burden of showing that alcoholism or drug addiction is not material to the finding of disability. *See Brown v. Apfel*, 192 F.3d 492, 497-98 (5th Cir. 1999), cited with approval in *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). The "key

factor" in determining whether drug addiction or alcoholism is material to a determination of disability is whether the claimant would still be found disabled if he or she stopped using drugs or alcohol. *See* 20 C.F.R. § 404.1535(b)(1); *see also Jackson*, 162 F.3d at 537. The focus of the inquiry is on the impairments remaining if the substance abuse ceased, and whether those impairments are disabling, regardless of their cause. *See* 20 C.F.R. § 404.1535(b)(1); *see also Jackson*, 162 F.3d at 537-38.

Determining whether a claimant would still be disabled if he or she stopped drinking is, of course, simpler if the claimant actually has stopped. *See Jackson*, 162 F.3d at 537. Here Mr. Pettit argues that he virtually stopped drinking in 1994, long before the ALJ found that his depression met the requirements for § 12.04. At the hearing before the ALJ, Mr. Pettit testified that when he entered a Veterans Administration (VA) alcoholism treatment program in 1994, he stopped drinking and that afterward (in 1996) he had only one "incident" of drinking. His early treatment records indicate that he stopped drinking when he was admitted to the VA hospital for detoxification in 1994. Mr. Pettit's 1995 therapy records indicate that in February he "maintained sobriety," that in May he was continuing treatment "w/5 months sobriety," and that in October he had a "depressed affect" but that there was "no drinking."

If Mr. Pettit's testimony regarding his drinking is accepted, we believe that the pertinent inquiry is whether his depression rendered him disabled after he entered treatment in 1994. *Cf. Jackson*, 162 F.3d at 537-38. Significantly, in concluding that Mr. Pettit's depression caused two of the functional limitations necessary to meet the requirements of § 12.04, *see* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04B (functional limitations), the ALJ relied on Mr. Pettit's statements about limitations that he experienced well after his entry into treatment. We also note that, according to the evidence in the record, Mr. Pettit exhibited symptoms of depression long after the time when he entered treatment for alcoholism and that he was treated for depression with

medication and therapy. Thus there was evidence that Mr. Pettit stopped drinking and yet continued to suffer from depression.

We disagree, however, with Mr. Pettit's contention that we should direct the Social Security Administration to award benefits to him. Mr. Pettit had the initial burden of proof, and we do not believe that the record compels the conclusion that Mr. Pettit refrained from drinking but was nonetheless disabled by depression. We also believe that two statements that Mr. Pettit made on social security forms in 1996 can be fairly characterized as ambiguous as to whether he was drinking: When asked to describe his "pain or other symptoms," Mr. Pettit stated that "[c]onstant depression causes inability to cope with surrounding[s] & leads to drinking." On a different form he stated that "[d]ue to anxiety, depression, & other emotional health problems that lead to drinking [I] cannot maintain a job working in public."

We nevertheless believe that this case should be remanded because the ALJ's factual findings are insufficient for our review. *Cf. Senne v. Apfel*, 198 F.3d 1065, 1067-68 (8th Cir. 1999). We are unable to determine with certainty from the record why, although the ALJ found that Mr. Pettit met the requirements of § 12.04 for depression, and despite Mr. Pettit's testimony that, but for one incident, he stopped drinking in 1994, the ALJ concluded that alcohol abuse was material to the finding of disability.

Initially, we note that the ALJ's decision relied, in part, on Mr. Pettit's "long term history of alcohol abuse and related symptoms." That decision, however, predates our holding in *Jackson*, 162 F.3d at 535, 537, that even if long-term alcohol abuse causes a disability, alcoholism will not be found "material" to the finding of disability if the disability remains after the claimant stops drinking. With regard to Mr. Pettit's depression, although it appears from the psychiatric review technique form that the ALJ found that Mr. Pettit met the requirements for depression throughout the relevant

period, the ALJ does not mention § 12.04 in his written decision. In fact, the ALJ does not examine the degree to which Mr. Pettit's depression exists, or would exist, absent his drinking; nor does the decision address whether (as the Social Security Administration argues) Mr. Pettit's depression is controllable with medication. The ALJ's decision thus does not specifically address Mr. Pettit's claim that he suffers from disabling depression.

Furthermore, although the ALJ's conclusion that "but for alcohol abuse [Mr. Pettit] could perform his past relevant work" might indicate a finding that Mr. Pettit continued to drink during the relevant time period, the ALJ did not expressly make such a finding. Because Mr. Pettit's testimony that he stopped drinking when he entered treatment in 1994 is not mentioned in the ALJ's decision, we cannot determine whether the ALJ actually considered this evidence. *Cf. Smith v. Heckler*, 735 F.2d 312, 317 (8th Cir. 1984) (ALJ must specifically discuss rejection of claimant's witnesses' testimony and must make express credibility determinations). We therefore remand this case for reconsideration and for more specific findings regarding the above-mentioned issues.

On remand, as we have said, the ALJ must address more specifically Mr. Pettit's claim that he is disabled by depression. Mr. Pettit will have the burden of showing that alcoholism is not material to his disability. He may thus attempt to show that, absent drinking, his depression meets the requirements of § 12.04, and, if he is unable to do so, he must establish that, absent drinking, his depression prevents him from performing his past relevant work. If he does so, the burden then shifts to the Social Security Administration to show that if Mr. Pettit does not drink, he can perform other jobs available in the national economy. *See Cox*, 160 F.3d at 1206.

III.

Accordingly, we vacate the judgment of the district court and remand the case to the district court with instructions to remand the case to the Social Security Administration for further consideration consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.