# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3687

_____

Sarah A. Engelhart,                        *
                                       *
          Appellant,              *
                                       * Appeal from the United States
      v.                             * District Court for the
                                         * District of Nebraska.
Jo Anne B. Barnhart, Commissioner of   *
the Social Security Administration,      * [UNPUBLISHED]
                                         *
          Appellee.               *

_____

Submitted:  November 7, 2006
Filed:  December 5, 2006

_____

Before MURPHY, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Sarah A. Engelhart appeals the district court's[1] decision affirming the denial of
supplemental security income and disability insurance benefits.  In her 2001
applications, Engelhart alleged disability since August 2000 from dyslexia.  After a
September 2003 hearing, an administrative law judge (ALJ) found that Engelhart's
severe impairments were a verbal borderline intellectual functioning level, low-
average overall intelligence, and dyslexia.  The ALJ noted that a recent post traumatic

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of
Nebraska.

stress disorder diagnosis had been considered. The ALJ found, however, that Englehart's impairments were not of listing-level severity, that she and her witness were not entirely credible, and that her residual functional capacity (RFC) did not preclude her past relevant work as a production helper or housekeeper, or other jobs a vocational expert had identified. Having carefully reviewed the record, we affirm. See Pelkey v. Barnhart, 433 F.3d 575, 577-78 (8th Cir. 2006) (standard of review).

We find that the ALJ's credibility determination is entitled to deference. See Vester v. Barnhart, 416 F.3d 886, 889 (8th Cir. 2005) (this court defers to ALJ's credibility determinations as to witnesses so long as they are supported by good reasons and substantial evidence). As to the ALJ's RFC findings, they are consistent with Engelhart's testimony that she thought she could learn tasks by demonstration, with the type of work that Engelhart had performed in the past, and with the RFC findings of evaluating psychologist William Stone and agency reviewing psychologists. See Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (disability claimant has burden to establish RFC); Stormo v. Barnhart, 377 F.3d 801, 807 (8th Cir. 2004) (in determining RFC, ALJ should consider medical records, observations of treating physicians and others, and claimant's own description of her limitations). Psychologists Kelly Potts and Lori Wennstedt gave no explanation for their check-list opinions that Englehart could not sustain an acceptable work pace, and Dr. Potts gave no basis for a global assessment of functioning (GAF) rating of 30. Cf. Goff, 421 F.3d at 791 (physician's rating of claimant's GAF at 58 was inconsistent with his opinion that she had extreme limitations); Stormo, 377 F.3d at 805-06 (treating physician's opinion is given less weight if it consists of vague, conclusory statements unsupported by medically acceptable data). The ALJ's failure to discuss a 2003 workshop evaluation does not mean it was not considered, and contrary to Engelhart's suggestion, such an evaluation is not per se determinative. See Social Security Ruling 96-8p, 1996 WL 374184, at *5 (Social Security Administration July 2, 1996) (listing evidence to consider in assessing RFC for initial claims); Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (ALJ is not required to discuss all evidence, and failure to

cite specific evidence does not mean it was not considered); <u>Lauritzen v. Weinberger</u>, 514 F.2d 561, 564-65 (8th Cir. 1975) (based on workshop evaluation, along with other evidence, claimant was disabled).  Because we find that the ALJ's RFC and credibility findings are supported by substantial evidence, we also reject Englehart's challenge to the ALJ's hypothetical.  <u>See</u> <u>Stormo</u>, 377 F.3d at 808-09 (hypothetical is sufficient if it sets forth impairments supported by substantial evidence and accepted as true by ALJ).

     Accordingly, we affirm.

_____