

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-30-2008

# McGill v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2862

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"McGill v. Comm Social Security" (2008). *2008 Decisions.* Paper 774.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/774

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2862

MARSHA MCGILL,
                    Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 06-cv-02539)
District Judge:  The Honorable Jose L. Linares

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2008

Before: SLOVITER, BARRY and ROTH, Circuit Judges

(Opinion Filed:  July 30, 2008)

OPINION

BARRY, Circuit Judge

        Marsha McGill appeals the decision of the District Court affirming the decision of

the Commissioner denying her application for Supplemental Security Income ("SSI")

benefits. We will affirm.

## I.

Because we write for the parties, we recite only those facts that are relevant to our analysis.

McGill applied for SSI benefits claiming that she suffered from depression and anxiety and could not work. In addition to evidence of depression and anxiety, medical records showed that McGill had a history of substance abuse, which included the use of heroin, cocaine, alcohol, and prescription medications. Medical records further showed that her substance abuse predated the onset of her alleged depression and anxiety. Her application was denied initially and on reconsideration, and she received a hearing before an Administrative Law Judge ("ALJ"). The ALJ found that she suffered from three severe impairments – depression, anxiety, and substance abuse. However, because "[a]n individual shall not be considered to be disabled...if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled," 42 U.S.C. § 423(d)(2)(C), the ALJ proceeded to determine whether McGill would be disabled in the absence of drug or alcohol addiction ("DAA"). After summarizing the relevant medical evidence, the ALJ noted that "[v]irtually all of her acute episodes of decompensation and inability to function have been precipitated by her abuse of drugs," leading him to conclude that in the absence of DAA, she would not be disabled. (A20.) The ALJ thus denied her claim.

2

The District Court affirmed, and McGill filed a timely notice of appeal.

On appeal, McGill claims that the Commissioner bears the burden of proving that DAA is material to the finding of disability, and that the Commissioner failed to meet her burden. According to McGill, the Commissioner can only meet her burden if the materiality determination is based on expert psychiatric opinion evidence.

## II.

The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291. "We review the ALJ's application of the law de novo, and review the ALJ's factual findings for substantial evidence." *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 359-60 (3d Cir. 2004) (citation omitted).

## III.

McGill argues that the Commissioner bears the burden of proving that DAA is material to the finding of disability. She claims that this burden arises from emergency teletype EM-96200, an internal guideline generated by the Social Security Administration's Office of Disability and sent to all hearing offices on August 30, 1996, in response to questions concerning § 423(d)(2)(C). In relevant part, it provides:

> There will be cases in which the evidence demonstrates multiple
> impairments, especially cases involving multiple mental impairments,

where the [medical or psychological consultant] cannot project what limitations would remain if the individuals stopped using drugs/alcohol. ...Since a finding that DAA is material will be made only when the evidence establishes that the individual would not be disabled if he/she stopped using drugs/alcohol, the [disability examiner] will find that DAA is not a contributing factor material to the determination of disability.

(EM-96200, response to question 27.) It goes on to explain that "[w]hen it is not possible to separate the mental restrictions and limitations imposed by DAA and the various other mental disorders shown by the evidence, a finding of 'not material' would be appropriate." (*Id.*, response to question 29.)

The Commissioner responds that it is the claimant who properly bears the burden of proving materiality, as several courts of appeals have held. *See Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007); *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001); *Pettit v. Apfel*, 218 F.3d 901, 903 (8th Cir. 2000); *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999). We need not decide this issue, however, because even accepting McGill's contentions that (1) EM-96200 sets forth the standard for the ALJ's materiality analysis,[1] and (2) it places on the Commissioner the burden of proving materiality by requiring the ALJ to disentangle the effects of DAA from those of the claimant's other impairments, we are satisfied that the Commissioner met her burden here.

The ALJ found that McGill's mental impairments were severe only when they

---

[1] *Cf. Parra*, 481 F.3d at 749-50 (holding that the teletype is neither binding nor entitled to deference, and declining to follow it because it "effectively subsidizes substance abuse in contravention of the statute's purpose").

coincided with DAA. That finding is adequately supported by the record. The vast majority of McGill's hospital visits involved drug overdoses, drug-seeking behavior, or both. One hospital report noted that she was "well known" to the emergency room due to her frequent drug overdoses. (A.111.) Another observed that she had a "history of ER visits seeking prescriptions for Xanax," a drug on which she repeatedly overdosed. (A.86.) Once at the hospital, her demeanor – demanding prescription medications, being uncooperative and occasionally loud and abusive to staff – strongly suggests that substance abuse, rather than depression or anxiety, was to blame for her behavior and inability to function.

In contrast, there is little, if any, evidence of severe depression or anxiety independent of DAA. In March 2003, at the conclusion of a week-long hospitalization following a drug overdose, she showed "no evidence of any depression or psychosis." (A.102.) A medical evaluation in August 2003 found, when there was "no present evidence of substance abuse," that she exhibited a "slightly depressed demeanor" and that she self-reported feeling only "mildly depressed." (A.174, 180-81.) In October 2004, she "was feeling more depress[ed] than ususal," but there was no evidence of contemporaneous DAA; tellingly, she received outpatient – rather than the more intensive inpatient – treatment. (A.268.) Viewed as a whole, "a reasonable mind might accept [the record evidence] as adequate to support" the ALJ's findings that McGill's behavioral and functional problems were attributable to DAA, and that in the absence of DAA, she

would not be disabled. *McCrea*, 370 F.3d at 359-60. Accordingly, we will not disturb those findings.

McGill also argues that any determination that DAA is material to the finding of disability must be based on expert psychiatric opinion evidence. Because the ALJ's decision was based upon his lay interpretation of the medical evidence, she claims, we must remand. She cites no relevant authority in support of her position,[2] and our research has failed to discover any such requirement in § 423(d)(2)(C) or its implementing regulations. Moreover, EM-96200, the internal guideline upon which she so heavily relies, *see supra*, nowhere suggests that expert opinion evidence is required – not even when describing what might constitute "useful evidence" in determining the materiality of DAA. *See Doughty*, 245 F.3d at 1280 ("We do not find...that the Emergency Teletype imposes a new requirement upon the ALJ to seek a consultant's opinion when making a materiality determination."). Without some basis to infer that Congress intended to require such evidence, or that the Commissioner has reasonably interpreted § 423(d)(2)(C) to require it, we decline McGill's invitation to impose such a requirement.

---

[2] McGill cites *Walton v. Halter*, 243 F.3d 703 (3d Cir. 2001), in which we held that, in determining the onset date of certain slowly progressive impairments, an ALJ "must call upon the services of a medical advisor rather than rely on his own lay analysis of the evidence." *Id.* at 709. *Walton*, however, was interpreting and applying Social Security Ruling 83-20 ("SSR 83-20"), a "binding" authority requiring the ALJ to "call on the services of a medical advisor when onset must be inferred." *Id.* at 708 (quoting SSR 83-20). There is no analogous Social Security Ruling requiring expert opinion evidence in determining materiality under § 423(d)(2)(C). *Walton* is thus inapposite.

**IV.**

For the reasons set forth above, we will affirm the decision of the District Court affirming the decision of the Commissioner.