NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3354
_____

RANDALL L. PINTAL,
                              Appellant
v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 13-cv-00127)
District Judge: Hon. Donetta W. Ambrose
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 12, 2015

Before: CHAGARES, JORDAN, and VANASKIE, <u>Circuit Judges</u>

(Filed: March 11, 2015)
_____

OPINION*
_____

JORDAN, Circuit Judge

        Randall Pintal appeals an order of the United States District Court for the Western

District of Pennsylvania affirming the decision of the Commissioner of the Social

_____

        * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

Security Administration ("Commissioner") finding Pintal "not disabled" under the Social Security Act and thus ineligible for Disability Insurance Benefits because his alcohol abuse was a contributing factor material to the disability determination. We will affirm.

## I. Background

Pintal brought this action for review of the final decision of the Commissioner denying his application for Disability Insurance Benefits under Title II of the Social Security Act. 42 U.S.C. § 401-33. In his application for benefits, he alleged that, since June 16, 2005, he had been disabled due to bipolar disorder, a sleeping disorder, an eating disorder, Hodgkin's lymphoma, and depression. An Administrative Law Judge ("ALJ") held a hearing at which Pintal was represented by counsel. Pintal appeared at the hearing and testified on his own behalf. A vocational expert also testified. The ALJ decided that Pintal's impairment was sufficiently severe that no jobs existed in significant numbers in the national economy that Pintal could perform. The ALJ further concluded, however, that Pintal's alcohol abuse was a contributing factor material to the determination of disability because, even though Pintal would still have several severe impairments if he ceased abusing alcohol, he would be able to perform a limited range of light work. Because the alcohol abuse was a material contributing factor, the ALJ concluded that Pintal was not disabled under the Social Security Act. 42 U.S.C. § 423(d)(2)(c).

Pintal requested review by the Appeals Council, which denied his request for review and thus made the ALJ's ruling the final decision of the Commissioner. Having exhausted all of his administrative remedies, Pintal filed an action in the District Court, seeking review of the Commissioner's decision. The parties filed cross-motions for

summary judgment and the District Court granted the Commissioner's motion, ruling that the disability decision was supported by substantial evidence. Pintal timely appealed.

## II. Discussion[1]

"In order to establish a disability under the Social Security Act, a claimant must demonstrate there is some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (internal quotation marks omitted). The Commissioner has developed a five-step sequential evaluation process to determine if a person is disabled. 20 C.F.R. § 416.920(a)(4). That process requires an ALJ to consider whether the claimant: (1) is engaged in substantial, gainful work activity; (2) has severe medical impairments; (3) has an impairment that meets or equals one of the Social Security Administration's listed impairments; (4) can return to his past relevant work; and, if not, (5) can perform other work consistent with his residual functional capacity. *Id.* With respect to step three, it is the responsibility of the ALJ to determine medical equivalence to the listed impairments, as required by the Social Security Act. *Id.* § 416.926(e); *Knepp v. Apfel*, 204 F.3d 78, 85 (3d Cir. 2000).

---

[1] The District Court had jurisdiction over the Commissioner's final determination of Pintal's Social Security claim under 42 U.S.C. §§ 405(g) and 1383(c)(3). We have jurisdiction pursuant to 28 U.S.C. § 1291. "The role of this Court is identical to that of the District Court, namely to determine whether there is substantial evidence to support the Commissioner's decision." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citing *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003)). In other words, it is "more than a mere scintilla but may be somewhat less than a preponderance of evidence." *Id.* (internal quotation marks omitted).

Pintal raises three issues on appeal: (1) whether the ALJ erred at step three of the analysis in failing to secure a state agency psychological and physical assessment, (2) whether the ALJ erred in concluding that alcohol materially contributed to Pintal's claimed disability, and (3) whether the District Court erred in "impermissibly substituting a more adequate and proper basis for the ALJ's decision [and] whether the District Court impermissibly failed to limit review to the four corners of the ALJ's decision." [2] (Opening Br. at 3.)  None of those arguments prevail.

A.    *State Agency Psychological and Physical Assessment*

Pintal claims that the ALJ erred in step three of her analysis by failing to obtain a state agency assessment.  Specifically, he argues that the 2007 state agency assessment prepared by state agency consultant Dr. Manella Link, Ph.D., is inadequate because, in 2010, state agency medical consultant Dr. Sharon Becker Tarter, Ph.D., noted that there was insufficient evidence for the period prior to 2009 in the file.  Despite that argument, the ALJ's step-three analysis is sound.

The ALJ is required to consider the issue of medical equivalence – that is, whether a claimant has an impairment that meets or equals the listed impairments under the Social Security Act.  If a state agency has made the initial medical assessment, an ALJ is required to consider that assessment as an expert medical opinion.  20 C.F.R. § 404.1527(e)(2).  To ensure that the state agency properly considers medical equivalence

_____

[2] Pintal actually identifies five issues for appeal, but his brief contains only three sections of argument, largely because some of the "issues" he lists in the statement of issues are the same contention stated differently: that the ALJ erred in concluding that alcohol abuse materially contributed to the claimed disability.  (Opening Br. at 2-3.)

4

in the first instance, it must submit documentation establishing that it has done so, including, among other possibilities, a psychiatric review technique form. SSR 96-6p (July 2, 1996).

Here, as the District Court correctly noted, the record contains an assessment on a psychiatric review technique form from Dr. Link. Thus, insofar as Pintal argues that there was no psychiatric review technique form, his claim is contradicted by the record. Further, Pintal neither cites to any law nor advances any argument as to why Dr. Tarter's comment on the evidence in the file for the period prior to 2009 renders the 2007 psychiatric review technique form insufficient. The form serves as a proxy to show that the state agency consultant has considered the question of medical equivalence, which Dr. Link clearly did here. As the District Court noted, Pintal does not argue that Dr. Link's opinions are incorrect, and he relied upon them below.

Pintal argues that the ALJ was required to obtain an updated medical opinion because there was a "huge volume" of new medical evidence that was never submitted to a state agency, but he is mistaken. (Opening Br. at 35.) "Only where 'additional medical evidence is received that in the opinion of the [ALJ] ... may change the State agency medical ... consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing,' is an update to the report required." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) (alteration and omission in original) (emphasis omitted) (quoting SSR 96–6p (July 2, 1996)).[3]

_____

[3] Pintal also argues that the ALJ did not consider a state agency medical assessment at step three. Because he failed to raise that issue or assert any claim related

5

*B. Whether Alcohol Contributed Materially to Pintal's Claimed Disability*

Pintal argues that the ALJ erred in determining that alcohol contributed to his claimed disability because she impermissibly ignored medical opinion evidence, failed to address the lay opinions of two of Pintal's friends, and reached a conclusion that is contrary to the "facts."

To the extent he suggests that the ALJ was obligated to obtain a medical opinion that decides the ultimate question, Pintal is wrong. The ultimate legal determination of disability is reserved for the Commissioner. 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence ... . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."); *see also Knepp*, 204 F.3d at 85 ("Knepp ... argues that only a physician designated by the Commissioner can decide the question of medical equivalency. This argument misapprehends 20 C.F.R. § 404.1526. The ultimate decision concerning the disability of a claimant is reserved for the Commissioner." (citations omitted)).

Pintal also complains that the ALJ failed to consider Dr. Yogesh Maru's opinion that it was "difficult to tease out whether [Pintal's] symptoms are the cause or effect of

---

to the combination of physical impairments below, however, he has waived it on appeal. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 637 (3d Cir. 2010) ("This court has consistently held that it will not consider issues that are raised for the first time on appeal." (quoting *Harris v. City of Phila.*, 35 F.3d 840, 845 (3d Cir. 1994))). In any event, the record is clear that the ALJ considered Pintal's combination of medical impairments in her step three analysis.

alcohol." (Tr. at 315.)  This argument, too, is meritless.  First, an ALJ is not required to cite every piece of evidence in the record.  *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) (stating that there is no requirement for an ALJ to discuss or refer to every piece of relevant evidence in the record, so long as the reviewing court can discern the basis of the decision).  Second, Dr. Maru's statement is a treatment note from the second day of Pintal's five-day voluntary admission for alcohol detoxification after Pintal had been drinking "large quantities of alcohol almost on a daily basis" and not taking his prescription medication.  (Tr. at 315, 275.)  Under these circumstances, Dr. Maru might well have been unable to "tease out" the cause and effect of Pintal's symptoms at that time.  It does not follow, however, that it was impossible to do so later.  Indeed, Dr. Maru's notes upon Pintal's discharge state that Pintal had "stabilized" and that his depression and anxiety had improved in the absence of alcohol.  (Tr. at 939-40, 311-313.) The ALJ's conclusions are thus consistent with Dr. Maru's notes.  *Cf. Sykes v. Apfel*, 228 F.3d 259, 266 (3d Cir. 2000) ("When she *rejects* the treating physician's opinion, the ALJ must adequately explain her reasons for doing so." (emphasis added)).  Third, the record indicates that the ALJ did consider Dr. Maru's opinion, even if she did not specifically refer to it:  the ALJ discussed Pintal's hospitalization and cited the exhibit containing Dr. Maru's report; the ALJ noted Pintal's complaints that appeared on Dr. Maru's discharge summary report; and the ALJ noted different diagnoses that were issued by the emergency department provider and reviewed by Dr. Maru.

Pintal next contends that the ALJ did not follow certain guidelines which state that, "[w]hen it is not possible to separate the mental restrictions and limitations imposed

7

by [drug and alcohol abuse] and the various other mental disorders, a finding of 'not material' would be appropriate." (Social Security EM-96200, response to question 29) (App. Vol. II at 7.) As is noted above, however, the record supports the conclusion that the ALJ was able to make such a determination based on the totality of the evidence, including Pintal's brief period of sobriety.

Pintal also argues that the ALJ ignored the evidence from other medical providers and his friends, and that her decision was contrary to their conclusions. A review of the record, however, reveals that the ALJ in fact did consider the evidence from those providers. Further, contrary to Pintal's assertions, the ALJ did consider the lay witness evidence provided by Pintal's friends and indeed credited that evidence in her findings.

Finally, the ALJ's decision that Pintal's alcohol abuse is a contributing factor material to his disability is supported by substantial evidence. The record, including reports, treatment records, Dr. Maru's notes, and statements from Pintal's friends, supports the conclusion that Pintal would be able to perform some light work if he did not abuse alcohol. Pintal cites to *McGill v. Commissioner of Social Security*, arguing that, unlike the claimant in *McGill*, he has provided ample evidence of depression and anxiety, independent of alcohol. 288 F. App'x 50, 53 (3d Cir. 2009). But he misses the point. The ALJ agreed that, in the absence of substance abuse, Pintal had severe depression and anxiety, and yet the ALJ concluded that alcohol aggravated those conditions, rendering Pintal unable to perform any work available in the economy. **[Tr. at 95, 99.]** The treatment records and other evidence show that Pintal responded well to treatment and had more normal mental status examinations while sober. For example, Pintal reported

8

no hallucinations during periods when he stopped drinking; he said that, after completing alcohol-related treatment, low-dose anxiety medicine helped him; and during his testimony before the ALJ, Pintal admitted that his increased psychiatric symptoms coincided with his alcohol problems and his move from Boston to Oil City, Pennsylvania. The ALJ's conclusion that alcohol was a material contributing factor in Pintal's disability is thus supported by substantial evidence and we are not free to disturb it.

C.    *The District Court's Reasoning*

Finally, Pintal takes issue with the District Court's opinion, arguing that the Court erred in supplementing the ALJ's reasoning and in not confining review to the "four corners of the [ALJ's] decision." (Opening Br. at 30.) We disagree.

Pintal's argument that the District Court, by citing cases, "impermissibly supplement[ed]" the ALJ's decision is simply mistaken. (Opening Br. at 34.) He seems to argue that, because the District Court cited to cases in explaining why it was upholding the ALJ's decision, it somehow supplemented the decision. Not surprisingly, he cites nothing to support the odd proposition that it is error for a district court to cite precedents, and we reject his contention.

Further, the District Court did not "impermissibly ... create and bolster a defense never undertaken by the ALJ." (Opening Br. at 38.) Pintal relies on *Securities and Exchange Commission v. Chenery Corp.*, for the proposition that the District Court was confined to reviewing the four corners of the ALJ's decision. 332 U.S. 194, 196 (1947) (court reviewing administrative agency decision must evaluate it based only the grounds invoked by the agency). While we have said that a district court may not rely on

9

"medical records found in its own independent analysis ... which were not mentioned by the ALJ," that is not what happened here. *Fargnoli*, 247 F.3d at 44 n.7. Pintal has not pointed to a single piece of evidence relied upon by the District Court that was not also noted in some way in the ALJ's decision. Rather, he argues that the District Court supplied "missing analysis." (Opening Br. at 39.) The District Court did not, however, affirm the ALJ for any reason extrinsic to the ALJ's own decision and thus did not err. In any event, having conducted our own *de novo* review of the ALJ's decision, we conclude that it is supported by substantial evidence.

### III.  Conclusion

For the forgoing reasons, we will affirm.