# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2677

_____

Laura Nicola,                *

                             *

         Appellant,         *

                             *    Appeal from the United States

     v.                     *    District Court for the Southern

                             *    District of Iowa.

Michael J. Astrue,[1]        *

Commissioner, Social Security    *

Administration,          *

                             *

         Appellee.          *

_____

Submitted: January 12, 2007
Filed: March 28, 2007

_____

Before LOKEN, Chief Judge, BYE, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Appellant Laura Nicola, appeals the district court's judgment affirming the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB")

_____

[1]Michael J. Astrue has been appointed to serve as Commissioner of Social Security and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

under Title II of the Social Security Act.  See 42 U.S.C. § 405.  We reverse and remand.

## I.

On July 2, 2001, Nicola applied for DIB benefits.  The administrative law judge ("ALJ") issued the final decision of the Commissioner on September 9, 2004.  Following a denial of review by the Appeals Council, Nicola appealed the denial of benefits to the district court.  The district court affirmed the findings of the Commissioner.  From that decision, Nicola appeals.

## II.

When the ALJ's decision was issued, Nicola was forty-six years old and had a high school education.  Her past relevant work included that of kitchen helper, tagger, housekeeper, parking enforcement officer, hospital housekeeper, and telephone switchboard operator.  Nicola alleged that she was disabled due to history of stroke which resulted in speech impediment, migraine and tension headaches, borderline intellectual functioning, inability to multiply, inability to divide or use fractions, difficulty reading, disc bulge at L4-5 on right side, low back pain, radiculopathy, depression, anxiety, fatigue, Raynaud's syndrome, pain, loss of dexterity, carpal tunnel syndrome, tendinitis, disc collapse at C5-6, stenosis at C6-7, pain in left shoulder and neck, coronary artery disease, mild degenerative changes in shoulder, Sneddon's syndrome, and history of heart attack.

First, the ALJ found that Nicola had not engaged in substantial gainful activity since July 29, 2000.  At step two, the ALJ determined that Nicola suffered from severe Raynaud's syndrome, degenerative disc disease at C5-6 and C6-7, mild degenerative

changes in the right shoulder, disc bulging at L4-5 with complaints of low back and right leg pain, mild carpal tunnel syndrome on the right, slurred speech, headaches, and coronary artery disease. The ALJ then determined that Nicola's severe impairments did not meet or equal any listed impairment. Next, the ALJ determined that Nicola could not perform her past relevant work. Relying on the testimony of a vocational expert ("VE"), the ALJ determined at step five that Nicola was not disabled. The district court agreed and affirmed the Commissioner's final decision.

## III.

We review de novo a district court's decision upholding the denial of an application for social security benefits. Pelkey v. Barnhart, 433 F.3d 575, 577 (8th Cir. 2006). Our role on review is to determine if the Commissioner's findings are supported by substantial evidence on the record as a whole. Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006); McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion. Lacroix v. Barnhart, 465 F.3d 881, 885 (8th Cir. 2006). In considering the evidence, we must consider both evidence that supports and evidence that detracts from the Commissioner's decision. Karlix v. Barnhart, 457 F.3d 742, 746 (8th Cir. 2006). We will disturb the ALJ's decision only if it falls outside the available "zone of choice." Hacker v. Barnhart, 459 F.3d 934, 936 (8th Cir. 2006). An ALJ's decision is not outside the "zone of choice" simply because we might have reached a different conclusion had we been the initial finder of fact. Id. Consequently, we may not reverse the decision to deny benefits unless the record contains insufficient evidence to support the outcome. Culbertson v. Shalala, 30 F.3d 934, 939 (8th Cir. 1994).

On appeal, Nicola asserts that the ALJ erred in failing to include her diagnosis of borderline intellectual functioning as a severe impairment at step two of the sequential analysis. A diagnosis of borderline intellectual functioning should be considered severe when the diagnosis is supported by sufficient medical evidence. Hunt v. Massanari, 250 F.3d 622, 625-26 (8th Cir. 2001). The Commissioner concedes that the ALJ should have considered Nicola's borderline intellectual functioning to be a severe impairment, but relies on Howard v. Massanari, 255 F.3d 577, 581-82 (8th Cir. 2001), in arguing that this was harmless error. The Commissioner's reliance on Howard is misplaced. The issue in Howard was not whether the individual's diagnosis of borderline intellectual functioning was a severe impairment; rather, the issue was whether the hypothetical question posed to a VE adequately addressed the limitations associated with the diagnosis of borderline intellectual functioning. Therefore, we reject the Commissioner's argument of harmless error. We are persuaded by Nicola's assertion and the Commissioner's concession that the ALJ erred in failing to find that her diagnosis of borderline intellectual functioning was a severe impairment.

Nicola also asserts that the ALJ erred in failing to conduct a psychiatric review technique analysis. Psychiatric review technique analysis is required to be conducted and documented at each level of the review process, including the ALJ level. 20 C.F.R. § 416.920a(a)-(e). The technique involves determination of whether there is a mental impairment followed by a rating of the degree of functional limitation resulting from the mental impairment. The technique must be conducted at all levels of the application process, beginning with the initial and reconsideration levels. At these levels, the psychiatric review technique must be documented by completion of a standard form. The psychiatric review technique must also be conducted and documented at the ALJ and Appeals Council levels; however, at these levels, it is permissible for the analysis to be included within the written decision such that the use of a written form is not required.

Nicola alleged, and the medical records establish, that she has an I.Q. in the range of borderline intellectual functioning. Her score on the Wechsler Adult Intelligence Scale - Third Edition was used to estimate her abilities. She scored at the fifth percentile compared to a national sample of adults her age. Yet, no psychiatric review technique analysis is included in the ALJ's decision; nor is there evidence of the technique being conducted or documented at the other levels of the application process. Thus, Nicola's argument is supported by the record and has merit.

In light of our findings with respect to step two of the sequential analysis and the psychiatric review technique analysis, it is unnecessary for us to reach Nicola's argument with respect to the hypothetical question posed to the VE at step five of the sequential analysis.

IV.

Accordingly, we reverse the judgment of the district court and remand with instructions to return the case to the Commissioner for further proceedings consistent with this opinion.

———————