# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3569

_____

Jerry M. Porter,                           *
                                           *
        Plaintiff - Appellant,             *
                                           *
    v.                                     *    Appeal from the United States
                                           *    District Court for the
Michael J. Astrue,[1]                      *    Western District of Missouri.
Commissioner of Social Security,           *
                                           *        [UNPUBLISHED]
        Defendant - Appellee,              *
                                           *
United States Attorney, Todd P.            *
Graves; Office of General Counsel;         *
U.S. Attorney General,                     *
                                           *
        Defendants.                        *

_____

Submitted:  June 15, 2007
    Filed:  July 3, 2007

_____

Before MURPHY, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

_____

[1]Michael J. Astrue has been appointed to serve as Commissioner of Social Security and is substituted as appellee pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure.

Jerry M. Porter filed an application for disability insurance benefits, which was denied by the Social Security Administration (SSA). Porter sought review before an administrative law judge (ALJ), who conducted a hearing and ruled that Porter was not entitled to benefits. The SSA Appeals Council denied review, thereby rendering the ALJ's decision final. Porter sought review in the District Court,[2] which affirmed the decision of the agency. Porter appeals, and we affirm.

We review de novo the decision of the District Court affirming the agency's denial of benefits. Nicola v. Astrue, 480 F.3d 885, 886 (8th Cir. 2007). Our task is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. Id. Substantial evidence is evidence that a reasonable person would consider adequate to support the ALJ's conclusion. Id. If the record contains insufficient evidence to support the outcome, we will reverse the ALJ's decision, but we will not reverse merely because we may have reached a different conclusion. Id.

In support of his claim, Porter testified that he could no longer work as a bus driver because he suffers from mental and emotional problems, cannot bend or lift, can only walk a few yards at a time, can sit for no more than one hour and stand for no more than fifteen minutes at a time, and has breathing problems. The ALJ found that Porter's testimony was "no more than partially credible and not credible insofar as he has alleged numerous complaints and allegations which are unsupported in the medical record." Admin. R. at 13. Additionally, Porter's treating physician submitted a letter in which he opined that Porter "is completely and totally disabled" owing to altered cardiac, lung, and renal function, and compromised circulatory function. Id. at 213. The ALJ found that the treating physician's opinion was "completely inconsistent with the record." Id. at 13. The ALJ then found that Porter's impairments

---

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

do not prevent him from performing his past relevant work and that Porter is not disabled. The ALJ therefore concluded that Porter is not entitled to disability benefits.

Porter asserts that the ALJ's adverse credibility finding contradicts this Court's statement that an ALJ "may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them." Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (per curiam order). As this Court further explained in Polaski, however, while an ALJ "is not free to accept or reject the claimant's subjective complaint's *solely* on the basis of personal observations[,] [s]ubjective complaints may be discounted if there are inconsistencies in the evidence as a whole." Id. Such inconsistencies exist in this case. At the administrative hearing, a medical expert who had reviewed Porter's medical records testified that the records provided no basis for most of Porter's physical complaints; the records provided no support for Porter's mental complaints; and Porter's ability to sit, stand, or walk should not be restricted on account of his impairments. Moreover, the ALJ noted the lack of physical examinations that would support Porter's claims of muscle atrophy and the lack of objective evidence to support Porter's claims of mental impairments. Given these inconsistencies in the record, the ALJ did not err in discounting Porter's testimony.

With regard to the treating physician's letter, Porter asserts that the ALJ improperly refused to accept the opinion. "Although a treating physician's opinion is generally entitled to substantial weight, such opinion does not automatically control, since the record must be evaluated as a whole." Charles v. Barnhart, 375 F.3d 777, 783 (8th Cir. 2004) (citations and quotations omitted). Evaluating the record as a whole, the treating physician's opinion is contradicted by other evidence. Most notably, the testimony of the medical expert completely contradicts the treating physician's opinion concerning Porter's disability. Moreover, the ALJ noted that Porter has been advised to exercise three times weekly, and this recommendation is inconsistent with the treating physician's opinion concerning his physical limitations.

This evidence, combined with the lack of objective evidence to support Porter's claims of physical impairments, supports the ALJ's refusal to give the treating physician's opinion controlling weight. Therefore, the ALJ did not err in this regard.

Finally, Porter contends that the ALJ's decision was not supported by substantial evidence. In addition to the evidence discussed above, a vocational expert testified that a hypothetical person with Porter's age, work history, and impairment characteristics could perform Porter's past relevant work as a bus driver. This testimony, coupled with that of the medical expert, shows that the ALJ's determination that Porter could perform his past relevant work was reasonable. Additionally, the medical expert's testimony and the lack of objective evidence to support Porter's claims of physical and mental ailments show that the ALJ's determination that Porter is not disabled was reasonable. We are satisfied that the ALJ's decision to deny benefits was supported by substantial evidence on the record as a whole.

The judgment of the District Court is affirmed.

_____