# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1253

_____

Egnacio Wiley,      *
     *
         Appellant,      *     Appeal from the United States
     *     District Court for the
      v.      *     Western District of Missouri.
     *
Michael J. Astrue, Commissioner      *         [UNPUBLISHED]
of Social Security,      *
     *
         Appellee.      *

_____

Submitted: October 19, 2007
Filed: October 25, 2007

_____

Before BYE, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Egnacio Wiley[1] appeals the denial of his applications seeking to collect disability insurance benefits and supplemental security income from the Social Security Administration (SSA). We affirm.

---

[1]It appears from the Administrative Record in this case that the Appellant spells his own first name "Egneacio." Nevertheless, beginning with the District Court's decision, the name has been spelled "Egnacio." Wiley's own brief uses that spelling, so we will as well.

On August 30, 2004, at age 32, Wiley applied for benefits, alleging disability since June 19, 2002, due to persistent back and leg pain. The Commissioner of the SSA denied benefits. Wiley sought review by an Administrative Law Judge (ALJ), who determined after a hearing that Wiley was not disabled within the meaning of the Social Security Act because he retained the capacity to perform a full range of light work, and that the Commissioner had proved the existence of jobs in the community that Wiley could perform. (At the hearing before the ALJ in June 2005, Wiley amended the onset date of his disability to July 30, 2004, since he worked as a porter through most of July 2004.) The SSA Appeals Council denied Wiley's request for review thus making the ALJ's decision the final determination. Upon judicial review, the District Court[2] affirmed the ALJ's denial of benefits. Wiley appeals.

We review de novo the District Court's decision affirming the ALJ. Nicola v. Astrue, 480 F.3d 885, 886 (8th Cir. 2007). At the time of the decision, Wiley was not engaged in substantial gainful activity and his impairment was categorized as severe, but the ALJ determined that Wiley's limitations were not credible to the degree alleged and that the Commissioner demonstrated that Wiley's impairment did not preclude substantial gainful activity. After careful review of the record, we hold that the denial of benefits to Wiley is supported by substantial evidence on the record as a whole. See id. The judgment of the District Court is affirmed.

_____

---

[2]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.