# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2440

_____

Hubert Bradley,[1]                          *
                                            *
            Appellant,                      *
                                            *   Appeal from the United States
      v.                                    *   District Court for the
                                            *   Western District of Missouri.
                                            *
Michael J. Astrue,                          *
Commissioner of Social Security             *
Administration,                             *
                                            *
            Appellee.                       *

_____

Submitted: March 10, 2008
Filed: June 20, 2008

_____

Before RILEY, GRUENDER, and SHEPHERD, Circuit Judges.

_____

[1]Bradley's name was incorrectly listed as "Herbert" on district court pleadings and on his notice of appeal. Bradley's medical records consistently label Bradley's first name as "Hubert." Both parties also used "Hubert" as Bradley's first name on their respective briefs. We presume the parties and medical records correctly identify Bradley's name. We therefore correct the apparent error.

RILEY, Circuit Judge.

Hubert Bradley (Bradley) appeals the district court's[2] order affirming the denial of supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et seq. (Act). After a hearing on January 28, 2005, an administrative law judge (ALJ) found Bradley was not disabled as defined by the Act and, thus, not entitled to Social Security benefits. The appeals council denied review. The district court affirmed, and we agree.

## I.    DISCUSSION

We review de novo the district court's decision affirming the ALJ's denial of benefits. See Travis v. Astrue, 477 F.3d 1037, 1040 (8th Cir. 2007). In conducting this review, we consider whether the ALJ's decision is supported by substantial evidence on the record as a whole. Id. "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." Nicola v. Astrue, 480 F.3d 885, 886 (8th Cir. 2007) (citation omitted). We will not disturb the denial of benefits so long as the ALJ's decision falls within the "available zone of choice." Id. (quoting Hacker v. Barnhart, 459 F.3d 934, 936 (8th Cir. 2006) (internal quotation marks omitted)). "An ALJ's decision is not outside the 'zone of choice' simply because we might have reached a different conclusion had we been the initial finder of fact." Id.

The ALJ's determination Bradley was not disabled under the Act is supported by substantial evidence. Bradley suffers from HIV and no doubt faces significant obstacles in both his work and personal life. The ALJ relied upon the expert medical testimony of Dr. Selbert Chernoff (Dr. Chernoff). Dr. Chernoff recognized a combination of HIV-related and unrelated factors, including Bradley's depression,

_____

[2]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

symptoms of diarrhea, fatigue and chronic shoulder disease causing difficulty in overhead (and far) reaching, "would *limit* [Bradley's] ability to work . . . ." (emphasis added). Yet, the expert opined Bradley's limitations did not qualify him as having an impairment under Social Security regulations. The ALJ also relied upon testimony from a vocational expert who answered a hypothetical limiting Bradley's physical and mental abilities consistent with the medical expert's testimony, and opined Bradley would be able to work in a number of light or sedentary jobs available in the national economy.

The ALJ's adverse credibility finding against Bradley is also supported by substantial evidence. The ALJ articulated factors supporting the adverse finding, including (1) many of Bradley's complaints were inconsistent with, or not supported by, the medical findings and treatment; (2) Bradley's discharge from therapy after failing to attend recommended appointments; (3) Bradley's sporadic work history; and (4) the lack of any additional evidence corroborating Bradley's subjective complaints. The record supports these findings; for example, Bradley was discharged from therapy after failing to show up for appointments, and Bradley had no reported earnings in seven separate years since 1987. Our case law permits the ALJ's reasonable inferences. See Guilliams v. Barnhart, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility." (citation omitted)); see also Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001) ("A lack of work history may indicate a lack of motivation to work rather than a lack of ability." (citation omitted)). "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Id. at 1218 (citation omitted).

Finally, the ALJ did not err in discounting more favorable testimony from two physicians, Dr. James True (Dr. True) and Dr. David Dembinski.[3] The ALJ noted

_____

[3]Bradley contends the ALJ erred by failing to consider Bradley's global assessment of functioning (GAF) test score. Given this test was part of Dr. True's

both doctors' opinions were conclusory and inconsistent with medical evidence in the record. Our review confirms these findings and shows us the doctors' statements regarding the extent of Bradley's impairments were at times even inconsistent with their own examinations. Compare: Dr. True concluding Bradley was "incapable of gainful employment based on his depression alone" with Dr. True assessing Bradley as only "mildly depressed."[4] Doctor opinions on a patient's employment capability, e.g., Bradley was "incapable of gainful employment," are often not entitled to significant weight. See Flynn v. Chater, 107 F.3d 617, 622 (8th Cir. 1997) (explaining doctor opinions regarding application of the Social Security statute are not as persuasive as medical opinions).[5]

## II.    CONCLUSION

We affirm the ALJ's decision and incorporate the well-reasoned opinion of the district court.

_____

---

assessment, the ALJ necessarily considered the test when considering the overall evidence from Dr. True.

[4]We recognize symptoms, particularly relating to something like depression, are likely to ebb and flow over the course of time. Such inconsistencies may still lend support to the ALJ's findings, especially when, as here, one of Bradley's assessments was undated, making it impossible to determine how far apart the assessments occurred.

[5]We also reject Bradley's contention the ALJ's mistaken reference to Dr. True as "Dr. Truenz" "raises a question of whether the ALJ actually read the records . . . ." On the contrary, although Dr. True's name was typed below his signature, the signature itself overlapped the typing and was amenable to reading the signature as "Truenz," indicating the ALJ did read Dr. True's records. In any event, like federal judges, ALJ's are not infallible.