Rusty James SMITH, Plaintiff,

v.

Michael J. ASTRUE, Commissioner
of Social Security, Defendant.

No. 4:11–cv–516 RP–CFB.

United States District Court,
S.D. Iowa,
Central Division.

Jan. 10, 2013.

Jennifer Elizabeth Donovan, Iowa Legal Aid, Des Moines, IA, for Plaintiff.

tions is immaterial to the Court's analysis of the issues in this case.

**4.** The Court's decision in this matter is in line with recent orders issued in the Eastern District of Arkansas involving two cases with substantially the same facts and the same plaintiffs' attorneys as in the case at bar. In *Gunn v. St. Vincent Infirmary Medical Center et al.*, No. 4:12–CV00661, 2012 WL 6811786 (E.D.Ark. Nov. 29, 2012) (order denying motion to remand), and *Shepherd v. Baptist Health et al.*, No. 4:12–CV–00662, 916 F.Supp.2d 891, 2012 WL 6811076 (E.D.Ark. Nov. 30, 2012) (order denying motion to remand), Judge D.P. Marshall, Jr. and Judge J. Leon Holmes, respectively, denied motions to remand to state court after finding that tort claims asserted against hospital—and health care provider—defendants were time-barred pursuant to the Medical Malpractice Act's statute of limitations. These two cases also involved allegations of injury resulting from the surgical implantation of defective medical devices.

William C. Purdy, U.S. Attorney's Office, Des Moines, IA, for Defendant.

## MEMORANDUM OPINION AND ORDER

ROBERT W. PRATT, District Judge.

Plaintiff, Rusty James Smith, filed a Complaint in this Court on November 2, 2011, seeking review of the Commissioner's decision to deny his claim for Social Security benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* and 1381 *et seq.* This Court may review a final decision by the Commissioner. 42 U.S.C. § 405(g).

Plaintiff filed applications for benefits September 2, 2009. Tr. at 158–65. Plaintiff, whose date of birth is June 25, 1957, (Tr. at 158) was 53 years old at the time of the hearing on February 15, 2011, before Administrative Law Judge Mark R. Dawson (ALJ). Tr. at 30–46. The ALJ issued a Notice Of Decision—Unfavorable on March 1, 2011. Tr. at 7–23. The Appeals Council declined to review the ALJ's decision on August 31, 2011. Tr. at 1–3. Thereafter, Plaintiff commenced this action.

The ALJ noted that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2008. At the first step of the sequential evaluation, the ALJ found that Plaintiff has not engaged in substantial gainful activity after December 31, 2005, the alleged disability onset date. At the second step, the ALJ found Plaintiff has the following severe impairments: degenerative disc disease, lumbar spine with right leg weakness; hepatitis C seropositivity; bi-polar affective disorder; and, mood disorder, with depression and anxiety. Tr. at 12. The ALJ found that Plaintiff's impairments were not severe enough to qualify for benefits at the third step of the sequential evaluation. Tr. at 13. At the fourth step, that ALJ found

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant has a moderate limitation in the ability to socially function in an appropriate manner such that the claimant would be unable to perform any job in which public interaction was a primary job component; a moderate limitation in the ability to concentrate, such that the claimant would be unable to perform skilled or semi-skilled work activity; and a moderate limitation in the ability to perform activities of daily living, such that the claimant would miss up to one workday per month.

Tr. at 15. The ALJ found that Plaintiff is unable to perform his past relevant work. Tr. at 21. At the fifth step, the ALJ found that Plaintiff is able to do a significant number of jobs, examples of which include folder, tagger, and office helper. Tr. at 22–23. The ALJ found that Plaintiff is not disabled nor entitled to the benefits for which he applied. Tr. at 23.

The Court has read all of the medical records in this transcript. A detailed summary, however, will not add to the analysis of the legal issue before the Court.

## DISCUSSION

■ We will affirm the ALJ's decision "[i]f the ALJ's findings are supported by substantial evidence on the record as a whole," an inquiry that requires us to consider evidence in the record that detracts from the ALJ's decision. *Wagner v. Astrue,* 499 F.3d 842, 848 (8th Cir. 2007). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the decision." *Reutter ex rel. Reutter v. Barnhart,* 372 F.3d 946, 950 (8th Cir.2004).

We will not reverse the ALJ's "denial of benefits so long as the ALJ's decision falls within the 'available zone of choice.'" (*Bradley v. Astrue,* 528 F.3d 1113, 1115 (8th Cir.2008)). The decision of the ALJ "is not outside the 'zone of choice' simply because we might have reached a different conclusion had we been the initial finder of fact." *Id.* (quoting *Nicola v. Astrue,* 480 F.3d 885, 886 (8th Cir.2007)). Rather, "[i]f, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart,* 421 F.3d 785, 789 (8th Cir.2005).

*Owen v. Astrue,* 551 F.3d 792, 798 (8th Cir.2008.) In short, a reviewing court should neither consider a claim de novo, nor abdicate its function to carefully analyze the entire record. *Wilcutts v. Apfel,* 143 F.3d 1134, 1136–37 (8th Cir.1998) citing *Brinker v. Weinberger,* 522 F.2d 13, 16 (8th Cir.1975).

■ Plaintiff argues that the ALJ erred in his analysis of whether drug and alcohol abuse is material to his disability. The Court agrees and finds that error arose at the second step of the sequential evaluation and tainted each of the following steps. Although Plaintiff did not claim drug and/or alcohol addiction as a basis for his disability, there are many indications in the medical evidence that Plaintiff suffers from alcoholism and drug addiction. It was, therefore, error not to include them as a severe impairments and evaluate them accordingly. Plaintiff's failure to claim his addictions as disabling impairments reminds the Court of the situation written about in *Adams v. Weinberger,* 548 F.2d 239, 245 (8th Cir.1977) where Adams testified he was not addicted to alcohol. The Court, Judge Bright, wrote that such a statement might be relevant if supported by the medical evidence, "otherwise, the statement represents the rationalizations of a sick individual who does not realize the extent of his illness."

A few examples will suffice to show that alcoholism and drug addiction should have been included as severe impairments. On March 3, 2005, Richard Sidwell, M.D., a physician at Broadlawns Medical Center, observed: "He (Plaintiff) is an alcoholic though he only drinks a couple of drinks a week. Tr. at 291. On August 8, 2006, a physician's assistant at Broadlawns observed that Plaintiff was receiving mental health care for depression and methamphetamine abuse. It was also noted on that occasion that Plaintiff's history includes hepatitis C virus since 1997. Tr. at 350. On December 28, 2008, Plaintiff was being treated at the University of Iowa Hospitals and Clinics. It was noted that on December 22, Plaintiff underwent an incision and drainage of a left arm abscess at the site of a methamphetamine IV injection. Tr. at 372. On December 28, 2008, Jill L. Liesveld, M.D., at the University of Iowa, wrote:

> Reports several prior substance abuse treatments over the years stating first one was in 1984 after his first OWI, three others in Des Moines and last one at UIHC 5BT in 1998 for total of 5. Legal: reports he has been charged with 2 OWIs but has 6 total over the years and a possession of crank charge in the 1990s. Family history positive for father's alcoholism. Alcohol: first use age 14, last use 4 weeks ago. States that since his diagnosis of Hepatitis C he has cut down to drinking twice weekly a pint or a bottle of ICE. Denies ever any withdrawal symptoms or seizure. Marijuana: first use age 14, last use 3 –4 weeks ago and reports he smoked daily for a period of 7 years then stopped when he was released from prison. Cocaine: IV use with first at age 21, last 2 months ago and used occasionally over

time. Methamphetamine: IV with first use age 18, last 4 weeks ago and states he used daily for several years with his wife before she died. Heroin IV just now and then. Opiates: over past 4 years has used IV, sometimes daily and names Oxycontin and Dilaudid as the drugs. Used LSD, "speed" PCP in the late 1970s. Meets criteria for Alcohol Dependence and Polysubstance Dependence due to health, legal, employment, relationship problems, increasing tolerance and using when he knows he should not do so.

Tr. at 395. These citations to the record are not, by any means, exhaustive. Rather they are representative. It was error for the ALJ to have ignored drug and alcohol abuse as a severe impairment.

█ In *Brueggemann v. Barnhart*, 348 F.3d 689 (8th Cir.2003), another opinion written by Judge Bright, the Court discussed in detail the procedures which must be followed in the evaluation of substance abuse impairments under the 1996 amendments to the Social Security Act. Under these amendments, applications must be denied if alcohol or drug abuse comprise a contributing factor material to the determination of disability. The claimant bears the burden of proving that alcoholism and/or drug abuse is not a contributing material factor. However, the ALJ retains the duty to fully and fairly develop the record. If it cannot be determined if substance abuse disorders are a contributing material factor, the claimant's burden has been met and an award of benefits must follow. *Id.* at 693. The ALJ is required to evaluate such claims using the five step sequential evaluation described in 20 C.F.R. § 404.1520 without segregating out any effects that might be due to substance use disorders. "The ALJ must base this disability determination on substantial evidence of Brueggemann's medical limitations without deductions for the assumed effects of substance use disor-

ders. The inquiry here concerns strictly symptoms, not causes, and the rules for how to weigh evidence of symptoms remain well established." *Id.* at 694.

If the gross total of a claimant's limitations, including the effects of substance use disorders, suffice to show disability, then the ALJ must next consider which limitations would remain when the effects of the substance use disorders are absent. *Pettit v. Apfel,* 218 F.3d 901, 903 (8th Cir.2000); 20 C.F.R. § 404.1535(b)(2). We have previously noted that when the claimant is actively abusing alcohol or drugs, this determination will necessarily be hypothetical and therefore more difficult than the same task when the claimant has stopped. *Pettit,* 218 F.3d at 903. Even though the task is difficult, the ALJ must develop a full and fair record and support his conclusion with substantial evidence on this point just as he would on any other.

Only after the ALJ has made an initial determination that 1) Brueggemann is disabled, 2) determined that drug or alcohol use is a concern, and 3) obtained substantial evidence on the record showing what limitations would remain in the absence of alcoholism or drug addiction, may he then reach a conclusion on whether Brueggemann's substance use disorders are a contributing factor material to the determination of disability. If this process proves indeterminate, an award of benefits must follow. The alternative procedure adopted by the ALJ in this case remains inconsistent with the regulations binding on claimants, the ALJs, and this court. The ALJ's decision reflects legal error.

*Id.* at 695–94. Likewise, in the case at bar, it was legal error for the ALJ to ignore well documented evidence of alcoholism and drug abuse in the evaluation of

Plaintiff's claim of disability benefits. The case, therefore, must be reversed and remanded.

## CONCLUSION AND DECISION

The Court has considered the evidence which supports, as well as the evidence which detracts from the decision made by the ALJ. After applying the balancing text noted in *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir.1987), and cases cited therein, this Court holds that the final decision of the Commissioner is not supported by substantial evidence on the record as a whole and is based on legal error. This case is reversed and remanded for further development and a new decision consistent with this opinion.

The judgment to be entered will trigger the running of the time in which to file an application for attorney's fees under 28 U.S.C. § 2412(d)(1)(B) (Equal Access to Justice Act). *See also, McDannel v. Apfel,* 78 F.Supp.2d 944 (S.D.Iowa 1999) (discussing, among other things, the relationship between the EAJA and fees under 42 U.S.C. § 406 B), and LR 54.2(b)[1]. *See also, Gisbrecht v. Barnhart,* 535 U.S. 789, 122 S.Ct. 1817, 1821, 152 L.Ed.2d 996 (2002); *Mitchell v. Barnhart,* 376 F.Supp.2d 916 (S.D.Iowa July 15, 2005).

IT IS SO ORDERED.

---

1.  N.B. Counsel is reminded that LR 54.2(b), states that an EAJA application "must specifically identify the positions taken by the government in the case that the applicant alleges were not substantially justified."